UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYLO VAN ROEUN,

Plaintiff,

v.

SIMPSON STRONG-TIE COMPANY, INC.,

Defendant.

Case No. 26-cv-03270-RFL

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 11

Plaintiff Cylo Van Roeun filed this action in the Superior Court of the State of California for the County of Alameda, alleging violations of the California Labor Code. (Dkt. No. 1-2.) Defendant Simpson Strong-Tie Company removed the action to this Court, arguing that Van Roeun's lawsuit involves a federal question, 28 U.S.C. §1331, because several of the claims arise from a collective bargaining agreement ("CBA") and the claims are therefore preempted by federal law under the Labor Management Relations Act of 1947 ("LMRA"). (Dkt. No. 1.) Simpson asks for exercise of supplemental jurisdiction over Van Roeun's non-preempted state law claims. (*Id.*) Van Roeun moves to remand, arguing that all his claims arise under California law. (Dkt. No. 11.) For the reasons stated below, the Motion to Remand is **GRANTED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

Federal courts have jurisdiction under the LMRA over claims where the "right exists solely as a result of the CBA" or the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007); 29 U.S.C. § 185(a). Van Roeun's second cause of action is asserted under California Labor

Code section 510, which sets default rules for overtime in California. However, the requirements of Section 510 do not apply to employees who are subject to a qualifying CBA. *Id.* § 510(a)(2); Cal. Lab. Code § 514.[1] A qualifying CBA must:

> expressly provide[] for the wages, hours of work, and working conditions of the employees, . . . provide[] premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514. Simpson removed this action on the basis that Van Roeun is covered by a CBA that meets the requirements of Section 514, and therefore that his overtime claim, and related derivative claims, arise out of a CBA and belong in federal court. (Dkt. No. 1 ¶¶ 6, 9; Dkt. Nos. 1-5, 1-6.)[2]

The CBA does not meet the requirements of Sections 514 or 245.5(a)(1) because it does not provide for "regular hourly rate of pay" for all of the covered employees of "less than 30 percent more than the state minimum wage." Cal. Lab. Code §§ 514; 245.5(a)(1). It is undisputed that some employees covered by the CBA were entitled to an hourly pay rate of only $18.50, and that 130% of the relevant minimum wage in California during the time period at issue was $19.50. (Dkt. No. 1-6 at 39);[3] *see also* Cal. Lab. Code § 1182.12. Because a qualifying CBA is one where the "employees" receive 30 percent more than the state minimum wage, a CBA that entitled only some employees to such pay falls short. *See Hooks v. San Francisco Opera Ass'n*, No. 23-cv-04703-RFL, 2024 WL 1091189, at *2 (N.D. Cal. Jan. 19, 2024) ("The key question is [] whether the [] CBA meets section 514's requirements for *all* its

---

[1] Van Roeun argues that Section 514 operates as an affirmative defense and cannot create federal jurisdiction. (Dkt. No. 11 at 12 (citing *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025).) Because this order finds no preemption, this argument is not reached.

[2] The parties raise identical arguments with respect to Van Roeun's sick leave compensation claim under California Labor Code section 246. (Dkt. No. 1 ¶ 10); *see also* Cal. Lab. Code § 245.5(a)(1) (excluding from the definition of "employee" under Section 246 those covered by a CBA that expressly provides for, among other things, "regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate" for "employees"). Therefore, the analysis in this order applies equally to the sick leave compensation claim.

[3] Citations to page numbers refer to ECF pagination.

covered employees" (emphasis added)).

Simpson argues that it is sufficient if the CBA entitles Van Roeun to 30 percent more than California minimum wage, or, alternatively, that it is sufficient if most covered employees are entitled to such pay. (Dkt. No. 14 at 9–12.) This argument is not persuasive in light of the statutory text's repeated reference to "employees," "[r]ather than referring to 'such employee' or 'that employee.'" *Sarmiento v. Sealy, Inc.*, No. 18-cv-01990-JST, 2019 WL 3059932, at *7–8 (N.D. Cal. July 12, 2019) (concluding that section 514 "applies on a CBA-by-CBA basis, rather than employee-by-employee"). The statutes are best read to require a CBA to meet the requirements as to *all* covered employees. *Hooks*, 2024 WL 1091189, at *2.

Finally, in its notice of removal, Simpson argues that the $5.00 per hour or more that Simpson contributes to covered employees' pension plans under the CBA should be added to the CBA's wage scale, brings all covered employees' "regular hourly rate of pay" above 130% of California minimum wage. (Dkt. No. 1 ¶ 13; *see also* Dkt. 1-5 at 28; Dkt. 1-6 at 32.) In opposition, however, Simpson no longer defends this argument, claiming instead that the proper categorization of the pension plan contributions is an ambiguity that requires interpretation of the CBA, triggering a separate basis for preemption under *Burnside*. (Dkt. No. 14 at 12–14 (arguing that "resolution of [whether 'regular hourly rate of pay' is inclusive of the pension plan contributions] need not be decided now").)

As to the argument Simpson presses in its opposition brief, whether pension plan contributions qualify as part of a covered employees' "regular hourly rate of pay" within the meaning of Sections 514 and 245.5 is a question of statutory interpretation, not an ambiguity in the CBA that requires interpretation. *See, e.g.*, *Vasserman v. Henry Mayo Newhall Me'l Hosp.*, 65 F. Supp. 3d 932, 958 (C.D. Cal. 2014) (explaining that the court would look to state law to determine whether the "education leave" time provided for in the CBA time constitutes "hours worked"). Simpson does not point to any reason why the terms in the CBA that it identifies must be interpreted, as opposed to merely referenced, to resolve Van Roeun's claims. *Cf. Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065–66 (9th Cir. 2000) (finding preemption

where the court was required to analyze a mathematical formula in the CBA in order to rule on the state law claim).[4]

As to the argument in the notice of removal that regular hourly rate of pay includes the pension plan contributions, that argument is waived by Simpson's failure to defend that basis for preemption in opposition to Van Roeun's Motion to Remand. *See*, *e.g.*, *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-cv-09955-BLF, 2022 WL 1210402, at *2 n. 1 (N.D. Cal. Apr. 25, 2022). But even if it had not been waived, Simpson has not carried its burden of showing that LMRA preemption applies.

Van Roeun argues that a "contribution irrevocably made" to a third party to fund "old age, retirement . . . or similar benefits" for employees should not be considered as part of an employees' regular hourly rate of pay, citing by analogy the Fair Labor Standards Act ("FLSA"), which excludes such payments from the definition of "regular rate." 29 U.S.C. § 207(e)(4). Simpson does not dispute that the pension contributions fit this definition. Van Roeun's argument is persuasive. In interpreting Section 510, the California Supreme Court held that "'regular rate of pay' as used in section 510(a) . . . has the same meaning as 'regular rate' in the FLSA." *Ferra v. Lowes Hollywood Hotel, LLC*, 489 P.3d 1166, 1171–72 (Cal. 2021). It further found that "hourly wages" were a subset of an employee's "regular rate," and the latter includes additional pay such as incentive payments for weekend work. *Id.*

Neither the FLSA nor *Ferra* address the term "regular *hourly* rate of pay," used in Sections 514 and 245.5. However, if Section 510's use of the term "regular rate" is read consistently with the FLSA definition—including its exclusion of irrevocable contributions to

---

[4] It is unclear whether Simpson is suggesting that there are also other components of compensation beyond pension contributions that would push all covered employees' "regular hourly rate of pay" above the necessary threshold. (Dkt. No. 14 at 13 ("To resolve whether the exemptions under California Labor Code sections 514 and 245.5 apply here, this Court would have to analyze the CBAs, including their wage schedules, the pension guarantees, and any other compensation packages" to determine if the "regular hourly rate of pay" would exceed the threshold).) To the extent Simpson intends to so argue, it has not alleged such compensation for covered employees in the notice of removal or introduced evidence to that effect in its remand opposition, and thus has not carried its burden as to that issue.

retirement plans—then it is reasonable to conclude that the use of a similar term with an "hourly" qualifier in the related Sections 514 and 245.5 was not intended to be broader than the more general term used in Section 510. The California Supreme Court reasoned in *Ferra* that the California Legislature did not define a regular rate of pay because it developed its overtime laws "against the backdrop of long-standing federal law that defined overtime pay." 489 P.3d at 1170. That logic applies equally to the regular hourly rate of pay. This is especially true in light of the fact that "under California law, exemptions from statutory mandatory overtime provisions are narrowly construed." *Ramirez v. Yosemite Water Co.*, 978 P.2d 2, 8 (Cal. 1999). Simpson's cases defining the "regular rate" of pay or compensation are not contrary, as they involve only nondiscretionary payments made directly to the employee, such as bonuses and incentive pay, not pension plan contributions. *Ferra*, 489 P.3d at 1168 (quarterly incentive payments); *Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 554 (Ct. App. 2018) (attendance bonus for weekend work). Simpson cites no case suggesting that the term "regular hourly rate of pay" as used in Section 514 and 245.5 includes contributions to pension plans. The term, as used in Section 514 and 245.5, is therefore best read to exclude such contributions. Therefore, Simpson has not shown that the CBA meets the requirements of the statutes such that LMRA preemption would apply.

Finally, Simpson's argument regarding the eighth cause of action and California Labor Code § 204(c) is waived because this basis for removal was not included in the notice of removal. *See Campbell v. AmericanTours Int'l, LLC,* No. 13-cv-00323-RS, 2013 WL 894797, at *2 (N.D. Cal. Mar. 8, 2013); 28 U.S.C. § 1446(a). Therefore, the order does not reach this argument.

Because there is no original federal subject matter jurisdiction for the reasons discussed above, there is likewise no basis to exercise supplemental jurisdiction. *Herman Fam. Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

For the reasons stated herein, the Motion to Remand is **GRANTED.** The Clerk is directed to remand this action to the Superior Court of the State of California for the County of Alameda.

**IT IS SO ORDERED.**

Dated: July 31, 2026

RITA F. LIN
United States District Judge